UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHEILA M. PAULEY,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-31

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S REQUEST FOR REMAND BE GRANTED; (2) THIS CASE BE REMANDED TO THE COMMISSIONER UNDER THE SIXTH SENTENCE OF 42 U.S.C. § 405(g) FOR CONSIDERATION OF NEW AND MATERIAL EVIDENCE; (3) THE ALJ BE ORDERED TO CONDUCT ANOTHER ADMINISTRATIVE HEARING AND CONSIDER ALL EVIDENCE (AND PLAINTIFF'S CREDIBILITY ANEW); (4) THIS CASE BE ADMINISTRATIVELY CLOSED ON THE COURT'S DOCKET; AND (5) THE PARTIES ADVISE THE COURT OF THE CASE STATUS ON REMAND EVERY 60 DAYS HEREINAFTER**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 9), Plaintiff's reply memorandum (doc. 11), the administrative record (doc. 6),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

I.

A.   **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of October 1, 2009. PageID 244-58. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease of the lumbar spine and an anxiety disorder. PageID 73.

After initial denial of her applications, Plaintiff received a hearing before ALJ Gregory Kenyon on April 11, 2014. PageID 92-125. The ALJ issued a written decision on July 14, 2014 finding Plaintiff not disabled. PageID 70-85. Specifically, the ALJ's found that:

1. The claimant met the insured status requirements of the Social Security Act through March 31, 2014.

2. The claimant has not engaged in substantial gainful activity since October 1, 2009, the alleged onset date (20 CFR 404.1571 et seq., and 416.971et seq.).

3. The claimant has the following severe impairments: L5-S1 vertebral degenerative disc disease, obesity, a depressive disorder, and a generalized anxiety disorder (GAD) (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work[4] as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can only occasionally crouch, crawl, kneel, stoop, balance, and climb ramps and stairs. The claimant can never climb of ladders, ropes, and scaffolds, and she must avoid all exposure to work around hazards such as unprotected heights or dangerous machinery. The claimant can

---

[4] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

      occasionally use [ ] the left lower extremity for pushing, pulling, and operating foot controls. The claimant is further limited to performing unskilled, simple, repetitive tasks that involve only occasional contact with co-workers and supervisors, no public contact, no fast paced production work or strict production quotas, and she is limited to performing jobs in a relatively static work environment in which there is very little, if any, change in the job duties or the work routine from one day to the next.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born [in] 1970 and was 39 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 70-85.

      Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 56-61. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.   **Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 72-83. Plaintiff, in her Statement of Errors, also sets forth an extensive summary of the record evidence. Doc. 8 at PageID 832-38. The Commissioner, in response to the Statement of Errors, defers to the ALJ's recitation of relevant evidence and presents no opposition to the facts as presented by Plaintiff. Doc. 9 at PageID 851. Except as otherwise noted herein, the undersigned incorporates the summary of evidence as set forth by the ALJ and Plaintiff.

## II.

A.   **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the

record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818

(S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In her Statement of Errors, Plaintiff sets forth a single alleged error arguing that the ALJ failed to properly assess her credibility. Doc. 8 at PageID 839-48. Plaintiff, however, also points to certain evidence submitted to the Appeals Council, but otherwise not submitted to or reviewed by the ALJ in rendering his opinion. *Id*. at PageID 838. Plaintiff argues that such evidence was new and material, and not able to be provided to the ALJ before issuance of his decision. *Id*. at PageID 842. The undersigned construes Plaintiff's argument concerning new evidence as a request for a remand pursuant to Sentence Six of 42 U.S.C. § 405(g).

### A.    **Sentence Six Remand**

Finding merit to Plaintiff's request for remand under Sentence Six, the undersigned addresses that issue first. "To obtain a [S]entence-[S]ix remand, a claimant has the burden to establish that there is (1) new evidence; (2) which is material; and (3) that there is good cause for the failure to submit it to the ALJ." *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 717 (6th Cir. 2013) (citation omitted).

The Commissioner makes no argument as to whether (1) the evidence is new and material and (2) whether good cause exists to excuse Plaintiff's failure to present this evidence to the ALJ. Doc. 9 at PageID 860 n.3. Instead, the Commissioner argues only that Plaintiff fails to sufficiently request a remand under Sentence Six in her Statement of Errors and, therefore, has waived any such request. *Id*.

The Court finds no merit to the Commissioner's argument regarding waiver. *See Bailey v. Comm'r of Soc. Sec.*, No. 1:12-CV-0140, 2013 WL 2286962, at *7 (S.D. Ohio May 23, 2013).

While Plaintiff may not have explicitly labeled her argument as a request for a Sentence Six remand, or set forth such argument under a separate heading in her Statement of Errors, she nonetheless expressly makes arguments concerning each factor required for a remand on such basis. *See* doc. 8 at PageID 842. In addition, Plaintiff specifically argues that "this case should be remanded back to the ALJ for consideration of this evidence." *Id*. The undersigned finds that Plaintiff satisfactorily requests a Sentence Six remand, and that she did not waive her argument in this regard.

In seeking a Sentence Six remand, Plaintiff points to the fact that the evidence she submitted after issuance of the ALJ's decision consists of a July 8, 2014 MRI -- taken a mere six days before the ALJ issued his opinion on July 14, 2014. *See* PageID 85, 828. Unlike previous imaging studies of Plaintiff's spine, the July 2014 MRI shows objective evidence of *severe* nerve root compression at L5 -- in addition to disc bulges at L3-4 and L4-5. PageID 839. Such evidence would contradict the ALJ's conclusion that "the record is devoid of evidence of nerve root compression" and, perhaps, further contradict the ALJ's finding that Plaintiff's allegations of pain related to her degenerative disc disease "are not consistent with the available objective medical evidence." *See* PageID 74, 78.

Absent any argument by the Commissioner that this evidence is neither new nor material, or that Plaintiff fails to demonstrate good cause for failing to submit such evidence to the ALJ before issuance of his decision, the undersigned is compelled to conclude that a remand under Sentence Six is appropriate so that a decision can be made on the basis of all the material evidence underlying Plaintiff's alleged back impairments.

### B. Plaintiff's Credibility

Although the undersigned -- finding remand appropriate under Sentence Six -- does not reach the merits of the ALJ's credibility determination, the ALJ should nevertheless reassess Plaintiff's credibility on remand in light of the new evidence. While making no finding concerning the ALJ's credibility assessment, the undersigned makes a few comments concerning the ALJ's credibility analysis as it relates solely to Plaintiff's allegations of disabling back pain. In finding Plaintiff less than credible concerning her allegations of disabling back pain, the ALJ relied significantly on: (1) a purported lack of objective evidence supporting such allegations; (2) her failure to pursue recommended physical therapy; and (3) the fact that Plaintiff's loss of employment before the alleged onset date was not solely because of her disability, and she continued to seek -- and actually held -- employment after the alleged onset date. PageID 78, 81.

The ALJ does not cite any particular objective evidence undermining Plaintiff's allegations of disabling back pain in making such a conclusory statement. PageID 78. Contrary to the ALJ's finding in this regard, the undersigned notes a number of abnormal imaging findings in 2000, 2006, and 2007, all noting disc bulging at the L5-S1 level of Plaintiff's spine. PageID 782-88. While such objective evidence predates Plaintiff's alleged onset date,[5] as noted above, the July 2014 MRI showing severe nerve root compression at this level may significantly impact the ALJ's credibility analysis concerning Plaintiff's allegations of disabling back pain. *See supra*.

Insofar as the ALJ relied on Plaintiff's purported failure to undergo physical therapy as recommended, the Court notes that Social Security Ruling ("SSR") 96-7p provides that a

---

[5] The Court is cognizant of the limited relevance of records predating Plaintiff's alleged onset date. *See Washington v. Comm'r of Soc. Sec.*, No. 3:15-CV-367, 2016 WL 6694199, at *4 (S.D. Ohio Nov. 15, 2016), *report and recommendation adopted sub nom. Washington v. Colvin*, No. 3:15-CV-367, 2016 WL 7494887, at *1 (S.D. Ohio Dec. 30, 2016).

claimant's statements "may be less credible . . . if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." SSR 96-7p, 1996 WL 374186, at *7. An ALJ cannot discount a claimant's credibility in this regard "without first considering any explanations that the individual may provide, or other information in the case record, that may explain" the type or frequency of treatment actually received. *Id*.

Here, treatment records note that, contrary to the ALJ's finding, Plaintiff did try physical therapy in 2000 and June 2006, but that, while some relief was provided, the therapy also aggravated Plaintiff's condition. PageID 780. At the administrative hearing, Plaintiff testified that she went to physical therapy "several different times" and that "[i]t hurt more than it helped." PageID 103. Nothing in the ALJ's decision shows consideration of this reason in finding Plaintiff less than credible. *Cf.* SSR 96-7p, 1996 WL 374186, at *8 (noting that a credible person may choose not to follow treatment recommendations, such as taking prescription medication, when "the side effects are less tolerable than the symptoms").

Finally, the ALJ found Plaintiff's allegations of back pain not credible because: (1) she appeared to stop working as a result of "family" reasons as opposed to disability; (2) she continued to look for work after the alleged onset date; and (3) she did work after the alleged onset date -- although such employment did not constitute "substantial gainful employment" as a matter of law. *See* PageID 78-79. The mere fact that reasons other than disability may exist to explain Plaintiff's discontinuation of employment is insufficient to discredit her testimony. *See Norris v. Comm'r of Soc. Sec.,* 461 F. App'x 433, 438 (6th Cir. 2012); *see also Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir. 1993). Further, a person's unsuccessful attempts to work generally "confirm . . . the sincerity of his [or her] testimony" concerning the limiting effects of

their impairment(s). *Ladwig v. Colvin*, No. 3:15CV00128, 2016 WL 3434024, at *9 (S.D. Ohio June 22, 2016), *report and recommendation adopted*, No. 3:15CV00128, 2016 WL 3866603 (S.D. Ohio July 13, 2016); *see also Parish v. Califano*, 642 F.2d 188, 191 (6th Cir. 1981). Here, Plaintiff specifically testified that, while working in February 2014, the work performed "was so hard on [her] back that by the time [she finished work she] couldn't even walk to [her] car." PageID 98.

The undersigned recognizes that the ALJ relied on other reasons to discredit Plaintiff's testimony and, as a result, any potential error as outlined above may be harmless. *See McCord v. Comm'r of Soc. Sec.*, No. 3:15-CV-191, 2016 WL 4086983, at *5 (S.D. Ohio Aug. 2, 2016), *report and recommendation adopted sub nom. McCord v. Colvin*, No. 3:15-CV-191, 2016 WL 4764962 (S.D. Ohio Sept. 13, 2016). However, because the undersigned finds remand appropriate under Sentence Six, the ALJ should consider the foregoing in reassessing Plaintiff's credibility on remand.

### IV.

For the foregoing reasons, the undersigned **RECOMMENDS** that: (1) Plaintiff's request for remand be **GRANTED**; (2) this case be **REMANDED** under the Sixth Sentence of 42 U.S.C. § 405(g); (3) the ALJ be ordered to conduct another administrative hearing and consider all evidence (and Plaintiff's credibility anew); (4) while the Commissioner is considering the new and material evidence on remand, this case be **ADMINISTRATIVELY CLOSED**; and (5) the Commissioner advise the Court of the status of this matter, in writing, every **SIXTY (60) DAYS** hereafter.

Date:   February 6, 2017               s/ Michael J. Newman
                                        Michael J. Newman
                                        United States Magistrate Judge

10

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).