UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHEILA M. PAULEY,

      Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

Case No. 3:16-cv-31

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

**SUPPLEMENT TO THE REPORT AND RECOMMENDATION (DOC. 12)**

      This is a Social Security disability benefits appeal, which is before the Court on the Commissioner's objection to the undersigned's Report and Recommendation that this case be remanded for consideration of new and material evidence under Sentence Six of 42 U.S.C. § 405(g). Doc. 12. In the objection, the Commissioner sets forth extensive arguments regarding whether the evidence at issue is new and material, and whether Plaintiff sufficiently demonstrated good cause for not submitting such evidence to the ALJ. Doc. 13; *see also Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 717 (6th Cir. 2013).

      As noted in the undersigned's Report and Recommendation -- despite specific arguments presented by Plaintiff in her Statement of Errors -- the Commissioner, in the memorandum in opposition, made "no argument as to whether (1) the evidence is new and material and (2) whether good cause exists to excuse Plaintiff's failure to present this evidence to the ALJ." *See* doc. 12 at PageID 878. Instead, the Commissioner's sole argument on appeal regarding a Sentence Six remand was the contention that Plaintiff waived any such request, an argument the

undersigned found unmeritorious -- a finding the Commissioner does not challenge in the objection filed to the Report and Recommendation.  Doc. 9 at PageID 860 n.3; *see also* doc. 13.

Accordingly, in the Report and Recommendation, the undersigned found the Commissioner waived any argument regarding newness, materiality, or good cause and, as a result, conceded the existence of the requirements needed for a Sentence Six remand.  *See* doc. 12 at PageID 879; *see also Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) (stating that, "while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]") (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998); *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996); *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988)).  Thus, to clarify, the undersigned proceeded on the basis that the Commissioner conceded the appropriateness of a Sentence Six remand in the absence of Plaintiff's waiver of such request.

Had the Court initially been provided with the detailed argument now presented for the first time in the Commissioner's objection, the undersigned would have addressed the merits of such contentions in the Report and Recommendation.  It is inappropriate to raise these arguments for the first time in objections to such Report and Recommendation.  *See supra*.

Date:   February 16, 2017                     s/ Michael J. Newman
                                              Michael J. Newman
                                              United States Magistrate Judge