IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHEILA PAULEY,

    Plaintiff,

v.

NANCY A. BERRYHILL,

Acting Commissioner of the
Social Security Administration,

    Defendant.

: Case No. 3:16-cv-31

: JUDGE WALTER H. RICE

: MAGISTRATE JUDGE
  MICHAEL J. NEWMAN

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART INITIAL REPORT AND RECOMMENDATIONS (DOC. #12) AND ADOPTING IN ITS ENTIRETY SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #14) OF UNITED STATES MAGISTRATE JUDGE; OBJECTIONS OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, TO INITIAL REPORT AND RECOMMENDATIONS (DOC. #13) ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF SHEILA PAULEY AND AGAINST THE COMMISSIONER, REVERSING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO THE SIXTH SENTENCE OF 42 U.S.C. § 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS CONSISTENT WITH THE ADOPTED PORTIONS OF THE REPORTS AND RECOMMENDATIONS; TERMINATION ENTRY

---

Plaintiff Sheila Pauley ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On February 2, 2017, Magistrate Judge Michael J. Newman filed his Initial Report and Recommendations, Doc. #12, recommending that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be reversed, and that the captioned cause be remanded under sentence six of 42 U.S.C. § 405(g) for consideration of material evidence that was unavailable to the Commissioner's Administrative Law Judge ("ALJ") at the time the ALJ issued his decision that Plaintiff was not disabled. After the Commissioner filed Objections to the Report and Recommendations, Doc. #13, the Magistrate Judge issued a Supplemental Report and Recommendations on February 16, 2017, Doc. #14, to which neither Plaintiff nor the Commissioner responded.

Based upon reasoning and citations of authority set forth below and in the Initial and Supplemental Reports and Recommendations, Doc. #12, 14, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #7, and a thorough review of the applicable law, this Court ADOPTS IN PART AND REJECTS IN PART the Initial Report and Recommendations, Doc. #12, ADOPTS in its entirety the Supplemental Report and Recommendations, Doc. #14, and OVERRULES the Commissioner's Objections, Doc. #13, to the Initial Report and Recommendations. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, as not supported by substantial evidence, and remanding the captioned cause, pursuant to sentence six of 42 U.S.C. §405(g), to the Commissioner for further proceedings consistent with the adopted portions of the Reports and Recommendations. On remand, the Commissioner must

2

consider the results of a July 8, 2014, magnetic resonance imaging ("MRI") not submitted to the ALJ prior to the issuance of his decision.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. Additionally, pursuant to the sixth sentence of 42 U.S.C. § 405(g), "a [D]istrict [C]ourt, before making a final judgment, may order the [Commissioner] to consider additional evidence because a party presents material evidence to the [C]ourt that was not previously available." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 175 (6th Cir. 1994). "[A] remand for additional evidence may be granted only if the failure to include the evidence in the prior administrative record was for good cause." *Id.* at 172. "[T]he burden of showing that a [sentence six] remand is appropriate is on the claimant." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. In the Initial Report and Recommendations, the Magistrate Judge concluded that, while Plaintiff did not use the phrase "sentence six remand" in her Statement of Errors, Plaintiff did meet her *prima facie* burden to show that such a remand was warranted. Doc. #12, PAGEID #878-79 (citing Doc. #8, PAGEID #842; *Lee v. Comm'r of Soc. Sec.*, No. 12-6226, 529 F. App'x 706, 717 (6th Cir. 2013)). First, Plaintiff could not

3

have submitted the MRI to the ALJ prior to the hearing on April 11, 2014. Doc. #7-2, PAGEID #92. The MRI was taken on July 8, 2014, just six days before the ALJ issued his decision, Doc. #7-2, PAGEID #85, and as Plaintiff correctly noted, "she could not have known when the ALJ would issue his decision." Doc. #8, PAGEID #842. <u>Second</u>, in finding Plaintiff not disabled, the ALJ had concluded that there was no objective medical evidence that Plaintiff was suffering from nerve root compression. *Id.*, PAGEID #78. However, the "MRI shows objective evidence of <u>severe</u> nerve root compression at L5 -- in addition to disc bulges at L3-4 and L4-5." Doc. #12, PAGEID #879 (emphasis in original). As the MRI results "would contradict the ALJ's conclusion that the record is devoid of evidence of nerve root compression," *id.* (internal quotation marks and citation omitted) there is a "reasonable probability" that the ALJ would have reached a different result had that evidence been before him, and Plaintiff has met her burden to show that the MRI results are material evidence. *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Thus, Plaintiff demonstrated good cause as to why the evidence could not have been submitted prior to the issuance of the ALJ's decision. As Plaintiff has made the showing required for a sentence six remand, the Court adopts the Magistrate Judge's recommendation that remand is warranted. Doc. #12, PAGEID #879.

    2.  In her memorandum *contra*, the Commissioner does not argue that the MRI results are not material evidence; nor does she claim that Plaintiff failed to demonstrate good cause for failing to submit the results prior to the ALJ issuing his decision. Rather, she only argues that "Plaintiff has not even requested remand for a new hearing based on this evidence, but rather implicitly directs this Court to consider the additional evidence on

4

substantial evidence review. As such, she has waived this argument." Doc. #9, PAGEID #860 n.3 (citations omitted). The Magistrate Judge correctly rejected the Commissioner's argument, concluding that, as discussed above, Plaintiff preserved the argument and made the required showing for a sentence six remand. Doc. #12, PAGEID #878-79. The Commissioner, in her Objections did not address that particular conclusion. Consequently, the Commissioner has waived any objection she may have had, *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) ("[g]enerally, the failure to file specific objections to a [M]agistrate[ Judge]'s report constitutes a waiver of those objections"), and the Court adopts the Magistrate Judge's conclusion.

    3. In the Commissioner's Objections to the Initial Report and Recommendations, she raises, for the first time, several arguments as to why Plaintiff has not met her burden for showing why a sentence six remand is warranted. Doc. #13, PAGEID #887-89. Further, she argues that the Appeals Council's consideration of the MRI results means that the results may not be considered "in deciding whether to uphold, modify, or reverse the ALJ's decision." Doc. #13, PAGEID #886 (quoting *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996)). The Commissioner's argument is unavailing for two reasons. <u>First</u>, the language in *Cline* quoted by the Commissioner pertains only to sentence four remands; in the very next sentence, the Sixth Circuit went on to state that a District Court "<u>can, however, remand the case for further administrative proceedings in light of the [new] evidence</u>[.]" *Cline*, 96 F.3d at 148 (emphasis added). <u>Second</u>, the Magistrate Judge correctly concluded in the Supplemental Report and Recommendations that, by failing to raise any of these arguments in her memorandum

5

*contra*, "the Commissioner conceded the appropriateness of a [s]entence [s]ix remand in the absence of Plaintiff's waiver of such request. . . . It is inappropriate to raise these arguments for the first time in [O]bjections to such Report and Recommendation[s]." Doc. #14, PAGEID #893; *see also Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("absent compelling reasons, [the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*] does not allow parties to raise at the [D]istrict [C]ourt stage new arguments or issues that were not presented to the [M]agistrate [Judge].).". As the Commissioner did not object or otherwise respond to the Supplemental Report and Recommendations, the Court will not consider the arguments raised for the first time in her earlier Objections.

4.  In the Initial Report and Recommendations, "[w]hile making no finding concerning the ALJ's credibility assessment, the [Magistrate Judge] ma[de] a few comments concerning the ALJ's credibility analysis as it relates solely to Plaintiff's allegations of disabling back pain." Doc. #12, PAGEID #880. As the Court is ordering a sentence six remand, it "does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, or reversing the decision of the [Commissioner]." *Faucher*, 17 F.3d at 174 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991)). Accordingly, the Court rejects as moot the Initial Report and Recommendations to the extent that they pertain to perceived deficiencies or inaccuracies within the ALJ's credibility analysis of Plaintiff; in so doing, the Court does not address the merits of the ALJ's credibility analysis or the Magistrate Judge's comments.

WHEREFORE, based upon the aforesaid, this Court ADOPTS IN PART AND REJECTS AS MOOT IN PART the Initial Report and Recommendations of the Magistrate Judge, Doc. #12, and ADOPTS in its entirety his Supplemental Report and Recommendations. Doc. #14. Plaintiff's Objections to the Initial Report and Recommendations, Doc. #13, are OVERRULED. Judgment shall enter in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits, under the Social Security Act, and remanding the captioned cause to the Commissioner, pursuant to sentence six of 42 U.S.C. § 405(g), for further proceedings, including evaluation of the results from the July 8, 2014, MRI, consistent with the adopted portions of the Reports and Recommendations.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 23, 2017

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT