UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHEILA M. PAULEY,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-31

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 23), the Commissioner's memorandum in opposition (doc. 26), Plaintiff's reply memorandum (doc. 27), the administrative record (docs. 7, 21),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

**I.**

A.   **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of October 1, 2009. PageID 244-58. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease of the lumbar spine and an anxiety disorder. PageID 73.

After initial denial of her applications, Plaintiff received a hearing before ALJ Gregory Kenyon on April 11, 2014. PageID 92-125. The ALJ issued a written decision on July 14, 2014 finding Plaintiff not disabled. PageID 70-85. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[4] "there are jobs that exist in significant numbers in the national economy that [she] can perform [.]" PageID 70-85. Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 56-61. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff timely appealed the ALJ's opinion and this Court remanded the matter to the ALJ pursuant to Sentence Six of 42 U.S.C. § 405(g) for consideration of new and material evidence -- namely, an MRI dated July 8, 2014. Docs. 12, 15.

On remand, Plaintiff received another hearing before the ALJ on November 30, 2017. PageID 1731-56. The ALJ issued a written decision on February 14, 2018, again finding Plaintiff not disabled. PageID 1705-21. Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's second non-disability finding the Commissioner's final administrative decision. PageID 1695-98. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233

---

[4] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

(6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's February 2018 decision (PageID 1705-21), Plaintiff's Statement of Errors (doc. 23), the Commissioner's memorandum in opposition (doc. 26), and Plaintiff's reply (doc. 27). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the

Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; [and]

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social

Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

Plaintiff's Statement of Errors lists just one assignment of error, *i.e.*, that the ALJ erred in weighing the opinion of her treating family physician, Brad Snider, M.D. Doc. 23 at PageID 2219-22. Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinions is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

Dr. Snider opined that, because of her impairments, Plaintiff could lift up to 10 pounds frequently; stand and walk for a total of 1-2 hours per workday for up to 30 minutes at a time without interruption; sit for a total of 4-6 hours per workday for 1-2 hours at a time; occasionally climb, balance, stoop, and kneel; and never crouch or crawl.  PageID 2200-02.  Dr. Snider thus concluded that Plaintiff was incapable of performing full-time sedentary work on a sustained basis.  PageID 2202.

The ALJ found Dr. Snider's opinion not entitled to controlling weight.  PageID 1717-19.  However, the ALJ did assign his opinion some weight and, in fact, essentially adopted Dr. Snider's opinion regarding Plaintiff's limitations in lifting, standing, walking, and sitting.  *Id*.  The ALJ, nevertheless, rejected Dr. Snider's conclusion that Plaintiff was precluded from crouching and crawling, as well as his opinion that Plaintiff could not sustain sedentary work for eight hours a day.  *Id*.  Specifically, the ALJ found Dr. Snider's opinion regarding Plaintiff's inability to perform sedentary level work for eight hours per day "inconsistent with his specific limitations." *Id*.  The ALJ also found such limitation -- as well as the opinion concerning Plaintiff's inability to ever crouch and crawl -- "unsupported by objective signs and findings in the preponderance of the record."  *Id*.  As to this latter conclusion, the ALJ found that:

> physical examinations have generally shown only some decreased range of motion, tenderness, muscle spasms, and positive straight leg raising on the left, and only on a few occasions.  Dr. Snider's treatment notes generally indicate [Plaintiff's] pain was under relatively good control and show only some tenderness and pain with range of motion, while other findings were relatively normal.  When considering the lumbar spine pathology and nerve root compression demonstrated in the July 2014 MRI with these findings, which also account for obesity, it is reasonable to limit the claimant to the reduced range of sedentary work set forth above.

PageID 1719.

Initially, the undersigned notes that Plaintiff asserts no error in the ALJ's rejection of Dr. Snider's opinion insofar as he concluded that Plaintiff could never crouch or crawl. Even assuming, *arguendo*, that Plaintiff had preserved argument in this regard, any such error would be harmless because, in finding Plaintiff capable of performing jobs in the national economy, the jobs he specifically identified -- *i.e.*, the job of "sorter" as defined in the Dictionary of Occupational Titles ("DOT") § 521.687-086, 1991 WL 674226 (Jan. 1, 2016); "inspector" as defined in DOT § 669.687-014, 1991 WL 686074 (Jan. 1, 2016); and "document preparer" as defined in DOT § 249.587-018, 1991 WL 672349 (Jan 1, 2016) -- require no ability to crouch or crawl.[5]  *See id*.

Plaintiff does argue that the ALJ erred by failing to include in the RFC a limitation regarding a need to elevate her legs. Doc. 23 at PageID 2221-22. Such limitation comes from a treatment recommendation by Joseph D. Liebold, M.D., who examined Plaintiff in an emergency room setting on July 5, 2017 for complaints of, *inter alia*, breathing issues and leg swelling. PageID 2102. Dr. Liebold, in discharging Plaintiff, "recommended [the] elevation of [Plaintiff's] legs above [the] level of [the] heart whenever possible." *Id*. In follow-up treatment with Dr. Snider on July 11, 2017, Dr. Snider recommended "elevation" of Plaintiff's legs. PageID 2120. However, when offering his specific opinion regarding Plaintiff's work-related limitations over a month later, *i.e.*, on August 28, 2017, Dr. Snider made no mention of any limitation stating that Plaintiff would be required to elevate her legs during the workday. *See* PageID 2199-2203. Thus, based on the foregoing, the undersigned finds no merit to Plaintiff's argument in this regard and concludes that substantial evidence supports the ALJ's omission of any leg elevating limitation.

---

[5] At Step Five of the sequential analysis, an ALJ may consider "'reliable job information' available from various publications . . . includ[ing] the DOT" or testimony from a VE as evidence of the claimant's ability to do other work "that exists in the national economy." *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 603 (6th Cir. 2009) (quoting SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000)).

Finally, Plaintiff challenges the ALJ's rejection of Dr. Snider's conclusion that she is unable to sustain sedentary work activity for an 8-hour workday. *See* PageID 2203; *see also* doc. 23 at PageID 2220-21. In asserting that the ALJ's conclusion in this regard is error, Plaintiff argues that the ALJ inappropriately interpreted raw medical evidence into functional terms when determining Plaintiff's RFC. Doc. 23 at PageID 2220-21. The undersigned finds no merit to this argument. Dr. Snider's opinion in this regard is essentially an opinion on the ultimate issue of disability, an issue reserved for the Commissioner. Soc. Sec. Ruling ("SSR") 96-5p, 1996 WL 374183, at *2 (July 2, 1996); *see also Hargrove v. Comm'r of Soc. Sec.*, No. 5:15CV707, 2016 WL 1039594, at *12 (N.D. Ohio Jan. 20, 2016), *report and recommendation adopted*, No. 5: 15 CV 707, 2016 WL 1070831 (N.D. Ohio Mar. 15, 2016) *Peterson v. Comm'r of Soc. Sec.*, No. 14-CV-13116, 2015 WL 12683974, at *7 (E.D. Mich. Aug. 7, 2015), *report and recommendation adopted*, No. 14-CV-13116, 2015 WL 5567771 (E.D. Mich. Sept. 21, 2015). While medical source opinions on issues reserved to the Commissioner "must never be ignored," SSR 96-5p, 1996 WL 374183 at *2-3, "the ALJ need not accord . . . controlling weight" to any opinion on such issues, even if offered by a treating source. *Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x 336, 341 (6th Cir. 2008) (citing *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007)).

In declining to adopt Dr. Snider's conclusion about Plaintiff's purported inability to sustain sedentary work over an 8-hour workday, the ALJ noted that such opinion "is inconsistent with his specific limitations" provided in his assessment. PageID 1718. This conclusion is supported by substantial evidence. The ALJ essentially adopted the specific limitations opined by Dr. Snider and, based on those specific limitations (even if the ALJ had included a restriction to no climbing or crouching), the Vocational Expert's testimony, and information in the DOT, a significant number of jobs exist in the national economy Plaintiff can perform. *See supra*; *see also* PageID

1720-21, 1752-55.  Accordingly, the ALJ satisfied his burden at Step Five, and his non-disability finding should be affirmed.

## IV.

For the foregoing reasons, **IT IS RECOMMENDED THAT**: (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and (2) this case be **CLOSED**.

Date:   7/8/2020                                              s/ Michael J. Newman
                                                                     Michael J. Newman
                                                                      United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).